ANDREW GREGORY & another *vs.* MARY HASBROOK, Adm'x.

April Term, 1873.

SET-OFF.—Claims held by a debtor against his creditor at the death of the latter, may be set off against claims in the hands of the personal representative, either on suit brought upon such debts, or upon bill filed in equity in a proper case of equitable cognizance.

SAME—JURISDICTION OF EQUITY.—Equity will give effect to a set-off against a judgment at law where the judgment-creditor is insolvent, or has removed from the state.

SAME, SAME.—The complainant who seeks such relief will not be repelled because he has had the opportunity of pleading his set-off as a defense to a suit at law, if in fact he made no such defense at law.

*J. B. White,* for complainants.

*Jno. A. Campbell,* for defendant.

THE CHANCELLOR :—The bill is filed to obtain a set-off of claims due from defendant's intestate, by note and account,

to a judgment recovered by the defendant against complainants. The defendant has demurred, upon the ground that complainant has shown no good reason why the defense was not set up in the suit at law upon which the judgment was rendered.

The bill states, in substance, that complainant, Gregory, as guardian of the Petway children, permitted the latter to purchase clothing from defendant's intestate in 1861, and gave him his note for the amount; that "expecting to have further dealings with him" he hired to him for the year 1862 a negro woman, the property of his wards, for $75, and traded for two notes of the intestate due in April and July, 1862, which claims amounted to more than his debt to said intestate. That said intestate sued him before a magistrate at a time when he could not attend, and recovered judgment, from which he appealed to the circuit court in order to get the benefit of his set-offs, giving his co-complainant as surety. That the war came on, and said intestate removed from the state to Missouri, where he died during the war. That in the meantime complainant had placed his papers in the hands of an attorney to attend to the case in the circuit court for him; that the sessions of the court were suspended, and the papers lost or mislaid, and his attorney could find nothing of the case on the docket, and, inasmuch as intestate knew that the set-offs exceeded his claim, complainant supposed the case was abandoned, and as complainant was assured that intestate was utterly insolvent, he lost sight of the case almost entirely. That after the war, the defendant, the widow of intestate, returned to Nashville, administered upon the estate of her husband, had the suit revived, and took judgment against complainant by default, without the knowledge of complainant, on the 13th of June, 1868, upon which execution has issued; that the estate of intestate is insolvent and nothing can be made out of it. The bill prays for attachment and injunction, etc.

It is clear, under the express provisions of the statute law (Code, § 2374), and the decisions of our supreme court

(*Richardson* v. *Parker*, 2 Swan, 259), that the complainant's claims would be a just set-off against the defendant's judgment, and that there is equity in the bill upon the merits. This is in fact not controverted by the demurrer or the argument presented in its support. And the decisions leave no room for doubt on the point, it being well settled that equity will give effect to a set-off against a judgment, where the judgment-creditor is insolvent, or has removed from the state. Story Eq. Jur., § 1433, *et seq.*; *Edminson* v. *Baxter*, 4 Hay. 112; *Hough* v. *Chaffin*, 4 Sneed, 238; *Brazelton* v. *Brooks*, 2 Head, 194.

The ground of demurrer relied on is that the complainant should have made his defense at law. To this position, the same answer cannot be given, with the same confidence, as was suggested by the court in *Brazelton* v. *Brooks*, 2 Head, 194, namely, that it did not appear that the claims sought to be set off were subsisting demands in the hands of the complainant at the commencement of the suit by the intestate against him, which fact was essential to enable them to be set off in the suit at law. *Keith* v. *Smith*, 1 Swan, 92. Upon this point, the bill is vague and unsatisfactory. It states that the appeal from the justice of the peace judgment was taken *in order to get the benefit of his set-offs*. And yet, the bill conveys the impression that the suit was brought before the courts were closed by the war, which was before any of the complainant's claims fell due. Upon demurrer, the doubt ought to enure to the benefit of the complainant. It ought to appear affirmatively that the causes could have been set off to the suit at law, before the complainant is turned out of this court upon the ground relied on.

But, although that fact was an answer to the demurrer in *Brazelton* v. *Brooks*, I do not understand that the court intend to lay it down in that case that if it does appear that the claims could have been set-off, that the complainant could not afterwards come into equity without showing good reason why he did not rely upon such a defense at law.

Undoubtedly if the complainant has pleaded the claims in set-off to the suit at law, that would have given the court of law jurisdiction, and the rule is well settled that the court which first takes cognizance of a matter of concurrent jurisdiction must decide it. The cases relied on by the learned counsel of the defendant, in his argument in support of the demurrer, go to this extent. *Bumpass* v. *Reams*, 1 Sneed, 595, and other cases. But a defendant is not bound to plead a set-off. He may decline to do it, and afterwards sue upon his demand at law, or set it off in equity against the judgment, if he can make out a sufficient case to give the latter court jurisdiction. In this case, it does not appear from the bill that the claims of the complainant were ever plead in set-off. On the contrary, the bill alleges that the complainant did not attend before the justice of the peace in time to make any defense, and that, after the appeal, the judgment was taken in the circuit court by default, and therefore without appearance or defense by complainant. The suit having been commenced before a magistrate, there were no written pleadings, and any pleadings would have been *ore tenus* at the trial, if the complainant had been present.

The complainant not having in fact, so far as the bill shows, pleaded his claims in set-off to the action at law, and there being nothing in the law compelling him to rely upon them in that way, he is, of course, at liberty to come into this court to have the claims set off against the judgment, if he can make out a proper case of equitable cognizance. This he has done, as we have already seen, by the averments as to the insolvency of the intestate's estate. It follows necessarily that the demurrer must be overruled, with leave to the defendant to answer.